**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
**HECTOR J. FIGUEROA, President, SEIU**
**Local 32BJ, CTW, CLC,**

               **Plaintiff,**

        **-versus-**                         **No. 1:14-cv-8796-GHW**

**HELEN DIANE FOSTER, Commissioner,**
**New York State Division of Human Rights,**

              **Defendant.**
-----------------------------------------------------------x

## UPDATED PLAINTIFF'S MEMORANDUM OF LAW
## <u>IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT</u>

James Reif
GLADSTEIN, REIF & MEGINNISS, LLP
817 Broadway, 6th Floor
New York, New York  10003
(212) 228-7727
jreif@grmny.com

Attorney for Plaintiff

## TABLE OF CONTENTS

Page

INTRODUCTION ..................................................................................................1

STATEMENT OF CASE ........................................................................................1

ARGUMENT ..........................................................................................................5

    I.    THE DUTY OF FAIR REPRESENTATION ARISING UNDER
        N.L.R.A. SECTION 9(a) PREEMPTS ENFORCEMENT OF THE
        N.Y. HUMAN RIGHTS LAW AGAINST LOCAL 32BJ BY THE
        SDHR WHERE AN ADMINISTRATIVE COMPLAINT PURPORTS
        TO ACCUSE THE LOCAL OF CONDUCT AS A COLLECTIVE
        BARGAINING REPRESENTATIVE...........................................................5

    II.    THE ATTEMPTS BY THE SDHR TO ENFORCE THE HRL
        AGAINST LOCAL 32BJ NOTWITHSTANDING THAT SUCH
        ATTEMPTS ARE PREEMPTED BY THE FEDERAL DUTY OF
        FAIR REPRESENTATION HAVE CAUSED AND, IF NOT
        ENJOINED, WILL CONTINUE TO CAUSE NEEDLESS
        EXPENDITURES OF LIMITED UNION RESOURCES .........................12

    III.    THE REMEDY FOR THE SDHR'S CONTINUING UNLAWFUL
        ATTEMPTS TO ENFORCE THE HRL AGAINST LOCAL 32BJ
        SHOULD INCLUDE PERMANENT INJUNCTIVE RELIEF AND
        AN ORDER REQUIRING THE SDHR'S ADHERENCE TO A
        COURT-APPROVED PROTOCOL FOR HANDLING
        COMPLAINTS AGAINST LOCAL 32BJ.................................................17

CONCLUSION.....................................................................................................22

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

<u>CASES</u>:

*Abrams v. Carrier Corp.*, 434 F.2d 1234 (2d Cir. 1970)....................................................6

*Adkins v. Mireles*, 526 F.3d 531 (9th Cir. 2008)............................................................11

*Agosto v. Correctional Officers' Benevolent Ass'n*, 107 F. Supp. 2d 294
    (S.D.N.Y. 2000) .............................................................................................................10

*Angrisini v. L.I.R.R.*, No. CV-01-8453 SJFMDG, 2005 WL 1311798
    (E.D.N.Y. June 1, 2005) ...............................................................................................10

*Bergeron v. Henderson*, 52 F. Supp. 2d 149 (D. Me. 1999)...........................................11

*Breininger v. Sheet Metal Workers Intern.*, 493 U.S. 67 (1989) .....................................8

*Cabrera v. New York City*, 436 F. Supp. 2d 635 (S.D.N.Y. 2006)..................................10

*Carroll v. Local 317, IBT, AFL-CIO*, No. 99-CV-1362, 1999 WL 1138596
    (N.D.N.Y. Dec. 6, 1999)...............................................................................................11

*Cole v. Central Park Systems, Inc.*, No. 09-CV-3185 (RRM) (CLP),
    2010 WL 3747591 (E.D.N.Y. Sept. 20, 2010) ...........................................................10

*Condon v. Local 2944, United Steelworkers of America, AFL-CIO*, 683 F.2d 590
    (1st Cir. 1982) .........................................................................................................10, 11

*Cruz v. IBEW Local 3*, 34 F.3d 1148 (2d Cir. 1994) ...................................................7, 8

*Edelman v. Jordan*, 415 U.S. 651 (1974) ......................................................................17

*Fenn v. Verizon Communications, Inc.*, No. 08 Civ. 2348 (PGG), 2010 WL 908916
    (S.D.N.Y. Mar. 15, 2010) ............................................................................................11

*Ford Motor Co. v. Huffman*, 345 U.S. 330 (1953) .........................................................8

*Goodman v. Port. Auth. of N.Y. & N.J.*, No. 10 Civ. 8352, 2011 WL 3423800
    (S.D.N.Y. Aug. 4, 2011) ..............................................................................................10

*Hans v. Louisiana*, 134 U.S. 1 (1890).............................................................................17

*Hess v. B & B Plastics Div. of Metal Cladding, Inc.*, 862 F. Supp. 31 (W.D.N.Y. 1994) ............10

*Holcombe v. U.S. Airways Group, Inc.*, 976 F. Supp. 2d 326 (E.D.N.Y. 2013)............................10

*Holodnak v. Avco Corp.*, 381 F. Supp. 191 (D. Conn. 1974), *aff'd in part and rev'd in part*, 514 F.2d 285 (2d Cir. 1975) ...........................................................7

*Humphrey v. Moore*, 375 U.S. 335 (1964) ...................................................................5

*Independent Metal Workers Locals 1 and 2*, 147 NLRB 1573 (1964)...........................8

*Marrero v. City of New York*, No. 02 Civ. 6634 (DLC), 2003 WL 1621921 (S.D.N.Y. Mar. 28, 2003) ......................................................................10

*Maynard v. Revere Copper Products, Inc.*, 773 F.2d 733 (6th Cir. 1985) ....................11

*Miranda Fuel Co.*, 140 NLRB 181 (1962), *enf. den.*, 326 F.2d 172 (2d Cir. 1963)..........8 and n. 6

*N.L.R.B. v. Carpenters Local 608*, 811 F.2d 149 (2d Cir. 1987)...................................8

*N.L.R.B. v. Gen. Truckdrivers, Warehousemen & Helpers*, 778 F.2d 207 (5th Cir. 1985)............................................................................................9

*N.L.R.B. v. Local 282, Int'l Bhd. of Teamsters*, 740 F.2d 141 (2d Cir. 1984).......................6, 8, 9

*N.Y.C. Bd. of Educ. v. Sears*, 8 A.D.2d 959, 443 N.Y.S.2d 23 (2d Dept. 1981) .................17 n. 10

*Oliva v. Wine, Liquor and Distillery Workers Union, Local One*, 651 F. Supp. 369 (S.D.N.Y. 1987) ................................................................................11

*Perugini v. Safeway Stores, Inc.*, 935 F.2d 1083 (9th Cir. 1991) ..................................8

*Pitts v. Plumbers & Steamfitters Local Union No. 33*, 718 F. Supp. 2d 1010 (S.D. Ia. 2010) ....................................................................................11

*Plumbers & Pipe Fitters No. 32 v. N.L.R.B.*, 50 F.3d 29 (D.C. Cir. 1995) ...................8

*Richardson v. United Steelworkers of America*, 864 F.2d 1162 (5th Cir. 1989)...........11

*Roadway Express, Inc.*, 355 NLRB 197 (2010)................................................................8

*Rodolico v. Unisys Corp.*, 96 F. Supp. 2d 184 (E.D.N.Y. 2000) ..................................10

*Sheehan v. U.S. Postal Service*, 6 F. Supp. 2d 141 (N.D.N.Y. 1997)............................11

*Snay v. U.S. Postal Service*, 31 F. Supp. 2d 92 (N.D.N.Y. 1998) .................................10

*Steele v. Louisville & N.R. Co.*, 323 U.S. 192 (1944).................................................6, 7

*Syres v. Oil Workers Int'l Union*, 350 U.S. 892 (1955), *rev'g.* 223 F.2d 739
    (5th Cir. 1955) ..................................................................................................6, 7

*Teamsters Local 727*, 360 NLRB No. 13 (2013) ..........................................................8

*Tunstall v. Bhd. of Locomotive Firemen*, 323 U.S. 210 (1944) ................................6, 7

*Vaca v. Sipes*, 386 U.S. 171 (1967) ........................................................................6, 7, 8

*Va. Office For Protection And Advocacy v. Stewart*, 131 S. Ct. 1632 (2011) ..............17

*Welch v. General Motors Corp., Buick Motor Div.*, 922 F.2d 287 (6th Cir. 1990) .......11

*Wilhelm v. Sunrise Northeast, Inc.*, 923 F. Supp. 330 (D. Conn. 1995) .......................11

*Wright v. No. American Terrazo*, No. C12-2065JLR, 2013 WL 441517
    (W.D. Wash. Feb. 5, 2013) ....................................................................................11

*Zuckerman v. Vol. Services of America*, 304 F. Supp. 2d 365 (E.D.N.Y. 2004) ..........10

STATUTES:

National Labor Relations Act, as amended, 29 U.S.C. § 151 *et seq* ..................... *passim*

    Section 2(2), 29 U.S.C. § 152(2) ............................................................................5

    Section 2(3), 29 U.S.C. § 152(3) ............................................................................5

    Section 2(5), 29 U.S.C. § 152(5) ............................................................................5

    Section 8(b), 29 U.S.C. § 158(b) ...........................................................................8

    Section 9(a), 29 U.S.C. § 159(a) ..................................................................*passim*

    Section 10(b), 29 U.S.C. § 160(b) ....................................................................9 n. 7

    Section 10(f), 29 U.S.C. § 160(f) .....................................................................9 n. 7

New York Human Rights Law, N.Y. Executive Law § 290 *et seq.* .................... *passim*

    § 292(3) ...................................................................................................................1

    § 292(5) ...................................................................................................................2

    § 296(1)(a) ..............................................................................................................1

§ 296(1)(e) .......................................................................................1

§ 296(1-a) ........................................................................................1

§ 296(3)(a) .......................................................................................1

§ 296(7) ...........................................................................................1

§ 296(19)(a) .....................................................................................1

§ 297 ................................................................................................1

§ 297(2)(a) ...............................................................................*passim*

§ 297(4)(a) ...............................................................................9 n. 7

§ 298 ........................................................................................9 n. 7

Railway Labor Act, 45 U.S.C. § 151 *et seq*. .......................................6

Title 28 U.S.C. § 1337 ........................................................................8

CONSTITUTIONAL PROVISIONS:

United States Constitution:

    Article VI, Clause 2 .................................................................10

    Eleventh Amendment ...............................................................17

RULES AND REGULATIONS:

Fed. R. Civ. P. 56 ..............................................................................1

NLRB Rules & Regulations:

    Sec. 101.2 ..........................................................................9 n. 7

    Sec. 101.8 ..........................................................................9 n. 7

    Sec. 101.10 ........................................................................9 n. 7

    Sec. 101.11-101.14 .............................................................9 n. 7

New York Code, Rules & Regulations, Title 9:

§ 465.5(a) ........................................................................................................................3

## INTRODUCTION

Plaintiff Hector J. Figueroa, President of SEIU Local 32BJ, CTW, CLC ("Local 32BJ" or "the Local") moves pursuant to Fed. R. Civ. P. 56 for (a) a judgment declaring that enforcement of the New York Human Rights Law ("HRL") against Local 32BJ by the New York State Division of Human Rights ("SDHR"), when enforcement is predicated upon alleged conduct by the Local as the collective bargaining representative of an administrative complainant, is preempted by the duty of fair representation ("DFR") arising from Section 9(a) of the National Labor Relations Act ("N.L.R.A."), 29 U.S.C. § 159(a), and (b) further relief designed to achieve compliance by the SDHR with the aforesaid holding, including a court-mandated protocol to be followed by the SDHR whenever it receives an administrative complaint against Local 32BJ. This memorandum should be read in conjunction with the parties' Amended Joint Rule 56.1 Statement of Undisputed Facts ("Am. Stip.") (Doc. 69), the declarations submitted in support of Plaintiff's motion and those submitted on Plaintiff's prior motion for preliminary relief and the exhibits annexed thereto.[1]

## STATEMENT OF CASE

The HRL, N.Y. Exec. Law § 290 *et seq.*, prohibits the commission of specified discriminatory practices by, *inter alia*, labor organizations. *Id.*, §§ 296(1)(a), (1)(e), (1-a), (3)(a), (7) and (19)(a). The SDHR is responsible for the administrative enforcement of the HRL. *Id.*, § 297. (Am. Stip. ¶ 2). Local 32BJ is a labor organization within the meaning of Exec. Law § 292(3). It currently represents more than 145,000 employees for purposes of collective

---

[1]     Plaintiff's Exhibits ("P. Exs.") Nos. 1-40 are attached to the Declaration of James Reif dated December 16, 2014 (Doc. 11); P. Exs. 41-46 are attached to the Supplemental Declaration of James Reif dated January 20, 2015 (Doc. 22); P. Exs. 47-52 are attached to the Second Supplemental Declaration of James Reif dated April 30, 2015 (Doc. 36-9); P. Ex. 53 is attached to the Second Declaration of Andrew Strom dated June 22, 2015 (Doc. 47); P. Exs. 54-56 are attached to the Second Declaration of Brent Garren dated June 25, 2051 (Doc. 48); P. Ex. 57 is annexed to the Third Declaration of James Reif dated September 11, 2015 (Doc. 55); and P. Exs. 58-67 are annexed to the Fourth Declaration of James Reif dated April 5, 2016 (Doc. 68).

bargaining more than 81,000 of whom work in the State of New York.  The vast majority of these are building service workers who are employed by companies that employ more than four persons and, hence, are employers within the meaning of Exec. Law § 292(5).  (*Id.* ¶¶ 6-8).

Since mid-2009, at least twenty-two complaints have been filed with the SDHR, including six filed subsequent to commencement of this action, initially naming Local 32BJ as a respondent and purporting to allege commission of one or more discriminatory practices prohibited by the HRL.  Each of these was filed against the Local as a labor organization within the meaning of the HRL and purported to complain of conduct by the Local as the collective bargaining representative of the complainant.  *See* Am. Stip. ¶¶ 35 and 48-49; *see also* P. Exs. 1, 3, 5, 7, 9, 11, 13, 15, 17, 19, 21, 23, 25, 27, 29, 30, 45, 55, 58, 61, 64, 67.[2]  No complaints have been filed with the SDHR since mid-2009 alleging wrongdoing by Local 32BJ as an employer.  (Am. Stip. ¶ 44).

Except for the recently-filed SDHR Case No. 10180273 to which no response has yet been made by Local 32BJ, shortly after receiving a copy of each complaint, Local 32BJ made a written submission to the SDHR contending that the duty of fair representation arising under federal labor law preempted enforcement of the HRL against the Local in that case.  *See* Am. Stip. ¶¶ 36 and 48; *see*, *e.g.*, P. Exs. 31-33, 47, 48, 56, 59, 62, 65.  In each case, the SDHR, without explanation, rejected this contention.  (Am. Stip. ¶¶ 36 and 48).  Twenty of the foregoing twenty-two complaints have been resolved.  In seventeen of these, the SDHR made a finding of NO PROBABLE CAUSE.  *See* P. Exs. 2, 4, 8, 12, 14, 16, 18, 22, 24, 26, 51, 57, 60, 63 and 66 and Defendant's Exhibits ("D. Exs.") H and I.  In two of the resolved matters, Nos. 10141532 and 10160323, the SDHR made a finding of PROBABLE CAUSE, but those complaints (both

---

[2]     Several of the 22 complaints referenced in the text also named the complainant's employer as a respondent and included allegations directed at that employer.  *See* P. Exs. 5, 19, 27, 29, 30, 55 and 61.

brought by one Charles Price) were later withdrawn with prejudice as part of a global settlement

with the complainant's employer.  *See* P. Exs. 6 and 20 and Second Declaration of Andrew

Strom, paras. 15-22 (Doc. 47).  Exec. Law § 297(2)(a) authorizes the SDHR to make a probable

cause determination only "if" it has first determined that it has jurisdiction.[3]  Thus, each

determination as to whether there was probable cause necessarily meant that the SDHR had

rejected Local 32BJ's jurisdictional challenge founded on federal preemption.[4]  As to the

twentieth resolved SDHR complaint against Local 32BJ, to wit, No. 10149437 (Antonio

Hernandez), shortly after the Local submitted its jurisdictional challenge (P. Ex. 47), the SDHR

made an order withdrawing the complaint, but not on the basis of the Local's preemption

contention.  *See* Am. Stip. ¶ 35 (chart) and ¶ 36, P. Exs. 9-10 and 9 N.Y.C.R.R. § 465.5(a).  The

proceedings in Nos. 10179126 (Reginald Bennerson) and 10180273 (Jaime Gutierrez), s*ee* P.

Exs. 64 and 67, are pending, notwithstanding submission by Local 32BJ in the former of its

Answer asserting that the DFR preempts SDHR authority to proceed in that matter.  *See* P. Ex.

65.  On information and belief, the Local has not yet submitted a response to the complaint in the

Gutierrez matter.

>    In a twenty-third SDHR Case, No. 10157235, another complaint was filed by

Price on September 6, 2012. The complaint named only Price's employer as a respondent and

contained no allegations whatsoever against Local 32BJ.  (P. Ex. 34 and Am. Stip. ¶ 39)  On

March 4, 2013, the SDHR amended the complaint by adding Local 32BJ to the caption as a

respondent, but it neither added allegations to the complaint nor modified the existing

---

[3]    In relevant part, § 297(2)(a) provides that "the division shall determine whether it has jurisdiction and, if
so, whether there is probable cause to believe that the person named in the complaint…has engaged or is engaging
in an unlawful discriminatory practice."

[4]    In the two cases where the SDHR found that there was probable cause, Nos. 10141532 and 10160323, *see*
Stip. ¶ 35 (chart), its determination to that effect expressly included a statement that the SDHR had jurisdiction over
the allegations of the complaint.  *See* P. Exs. 6 and 20.

allegations.  (P. Ex. 35).  The amendment to the caption was made after Price provided the

SDHR with a form he had apparently submitted to the Local's Contract and Grievance Center

and a letter he wrote to the Local.  (Am. Stip. ¶ 40).  On March 4, the SDHR served a copy of the

amended complaint by first class mail upon the employer and Local 32BJ.  *See* P. Ex. 49.

On the very next day, March 5, 2013, the SDHR issued a determination of

probable cause.  (P. Ex. 36 and Am. Stip. ¶ 41).  The caption to this determination named only

the employer as a respondent and made no reference to Local 32BJ.  Moreover, the body thereof

referred in the singular to "the above-named Respondent," that is, to Price's employer named in

the caption, and stated that the SDHR had determined that probable cause existed to believe only

that "the Respondent" had engaged or was engaging in the unlawful discriminatory practice

"complained of" in the complaint.  In short, there was no finding of probable cause against Local

32BJ.  The SDHR did not serve the Local with a copy of the probable cause determination.  *See*

P. Ex. 50; *compare* P. Ex. 49.  When Local 32BJ eventually learned that the SDHR had issued a

probable cause determination and that the SDHR was proceeding in that case as if there had been

a finding of probable cause against the Local, it submitted a set of objections, including the

contention that the DFR preempted the SDHR's attempt to enforce the HRL against the Local.

(D. Ex. F).  As in the other cases referenced above, the SDHR rejected the Local's federally-

based challenge to its jurisdiction.  (Am. Stip. ¶ 42; *cf.*, D. Ex. R).

The aforementioned Case No. 10157235 was later resolved as part of the global

settlement of Price's complaints referenced above (which also included a fourth SDHR case, No.

10148747 (P. Ex. 52), brought solely against Price's employer).  As a consequence of this global

settlement, each of these three administrative cases involving the Local, one way or another, was

discontinued with prejudice upon Price's request and the SDHR's consent.  (Am. Stip. ¶ 43 and

D. Exs. P, R and S).  No administrative trial was ever held on any complaint naming Local 32BJ

or even scheduled.  (Am. Stip. ¶ 43).  Local 32BJ was not a party to the global settlement.

(Second Decl. of Andrew Strom, para. 18).

## ARGUMENT

**I.**  **THE DUTY OF FAIR REPRESENTATION ARISING UNDER N.L.R.A. SECTION 9(a) PREEMPTS ENFORCEMENT OF THE N.Y. HUMAN RIGHTS LAW AGAINST LOCAL 32BJ BY THE SDHR WHERE AN ADMINISTRATIVE COMPLAINT PURPORTS TO ACCUSE THE LOCAL OF CONDUCT AS A COLLECTIVE BARGAINING REPRESENTATIVE.**

Local 32BJ is an unincorporated association in which employees participate and

which exists and is constituted for the primary purpose of collective bargaining and of dealing

with employers concerning grievances, labor disputes and terms and conditions of employment.

Thus, it is a labor organization within the meaning of N.L.R.A. Section 2(5), 29 U.S.C. § 152(5).

(Am. Stip. ¶ 5).  The Local represents for purposes of collective bargaining persons who are

employees within the meaning of N.L.R.A. Section 2(3), 29 U.S.C. § 152(3), and who are

employed by companies that are employers within the meaning of N.L.R.A. Section 2(2), 29

U.S.C. § 152(2).  (*Id.* ¶¶ 6, 8).  Local 32BJ is the "exclusive" bargaining representative of the

approximately 145,00 persons it represents vis-à-vis employers with respect to their wages, hours

and other conditions of employment.  *See* ¶¶ 6-7 and N.L.R.A. Section 9(a), 29 U.S.C. § 159(a).[5]

It is the N.L.R.A.'s grant to Local 32BJ of the status of exclusive bargaining representative of

employees in each bargaining unit represented by the Local that imposes upon the Local the duty

to fairly represent the members of each such unit.  *See*, *e.g.*, *Humphrey v. Moore*, 375 U.S. 335,

---

[5]   Section 9(a) provides in pertinent part:

Representatives designated or selected for the purposes of collective bargaining by the majority of the employees in a unit appropriate for such purposes, shall be the exclusive representatives of all the employees in such unit for the purposes of collective bargaining in respect to rates of pay, wages, hours of employment, or other conditions of employment…

342 (1964) ("duty of fair representation is … implicit in the National Labor Relations Act …

because that statute, like the Railway Labor Act, affords unions exclusive power to represent all

employees of a bargaining unit"); *Abrams v. Carrier Corp.*, 434 F.2d 1234, 1251 (2d Cir. 1970).

> Under the duty of fair representation arising under the N.L.R.A.,
>
> the exclusive agent's statutory authority to represent all members
> of a designated unit includes a statutory obligation to serve the
> interests of all members without hostility or discrimination toward
> any, to exercise its discretion with complete good faith and
> honesty, and to avoid arbitrary conduct.

*Vaca v. Sipes*, 386 U.S. 171, 177 (1967).  Acts of omission, as well as those of commission, may

breach the DFR.  *N.L.R.B. v. Local 282, Int'l Bhd. of Teamsters*, 740 F.2d 141, 147 (2d Cir.

1984).  Each individual who lodged a complaint with the SDHR against Local 32BJ was/is not

only represented by the Local for purposes of collective bargaining in respect to wages, hours

and working conditions but each complaint alleged that the Local had failed to meet its

obligation to fairly represent the complainant as his collective bargaining representative, because

of the complainant's race, etc.  *See* exhibit citations at p. 2 *supra*.

> The "discrimination" to which the Supreme Court referred in *Vaca* includes

discrimination against members of a bargaining unit on such invidious bases as race, color,

national origin, sex and age.  Indeed, the seminal cases involving the DFR concerned alleged

discrimination against bargaining unit members on the basis of their race.  *See Steele v.

Louisville & N.R. Co.*, 323 U.S. 192 (1944), and *Tunstall v. Bhd. of Locomotive Firemen*, 323

U.S. 210 (1944).  While *Steele* and *Tunstall* arose under the Railway Labor Act, 45 U.S.C. § 151

*et seq.*, the Supreme Court's summary reversal of the Fifth Circuit in *Syres v. Oil Workers Int'l

Union*, 350 U.S. 892 (1955), *rev'g.* 223 F.2d 739 (5th Cir. 1955), involving a challenge under the

N.L.R.A. to racial discrimination by a union against bargaining unit members, settled that the

anti-discrimination component of the DFR arising under the Railway Labor Act is likewise a component of the DFR arising under the N.L.R.A.

Each complaint against Local 32BJ lodged with the SDHR concerned/concerns an alleged Local failure to seek arbitration of a grievance (usually pertaining to discipline of the complainant by his employer) or an alleged Local failure to adequately represent the interests of the complainant in an arbitration against his/her employer which the Local had demanded (and which usually pertained to discipline).  *See* P. Exs. 1, 3, 5, 7, 9, 11, 13, 15, 17, 19, 21, 23, 25, 27, 29, 30, 34, 45, 55, 58, 61, 64, 67; D. Exs. H, I and N; and Am. Stip ¶ 40.  Thus, as the parties have stipulated, *see* Am. Stip. ¶¶ 35 and 48, each complaint concerned/concerns the Local's conduct as the collective bargaining representative of the complainant.

The deficiencies on the part of the Local alleged in these complaints pertained/pertain to matters on which Local 32BJ, as collective bargaining representative, has a statutory duty under N.L.R.A. Section 9(a) to fairly represent the interests of the complainant. *See*, *e.g.*, *Vaca*, 386 U.S. at 190-95 (while union does not have absolute obligation to take every grievance in arbitration, arbitrary failures to seek arbitration of meritorious grievance or processing of grievance in arbitration in perfunctory fashion may violate DFR); *Cruz v. IBEW Local 3*, 34 F.3d 1148, 1153-54 (2d Cir. 1994) (arbitrary failure of union to adequately pursue meritorious grievances violated DFR); *Holodnak v. Avco Corp.*, 381 F. Supp. 191 (D. Conn. 1974), *aff'd in part and rev'd in part*, 514 F.2d 285 (2d Cir. 1975) (failure to adequately represent interests of grievant in arbitration may constitute breach of DFR).  In light of *Steele*, *Tunstall* and *Syres*, there can be no doubt that a collective bargaining representative's failure to seek arbitration of a meritorious grievance or failure to properly represent the interests of a grievant in an arbitration because of the grievant's race, color, national origin, sex, age or other

invidious basis or because the complainant has opposed a practice prohibited by the HRL constitutes a breach of the DFR. *See also Perugini v. Safeway Stores, Inc.*, 935 F.2d 1083, 1087 (9th Cir. 1991) (failure of union to challenge employer's refusal to reassign employee because of her sex would constitute breach of DFR); *Independent Metal Workers Locals 1 and 2*, 147 NLRB 1573 (1964) (failure to process employee grievance because of employee's race constitutes breach of DFR).

At least since *Ford Motor Co. v. Huffman*, 345 U.S. 330 (1953), it has been clear that N.L.R.A. Section 9(a) creates a private right of action for damages to redress a breach of the DFR arising under that Section. *See, e.g., Cruz*, 34 F.3d 1148. Federal courts have jurisdiction to entertain a private DFR suit pursuant to 28 U.S.C. § 1337. *Breininger v. Sheet Metal Workers Intern.*, 493 U.S. 67, 73-84 (1989). A private DFR claim for damages arising under the N.L.R.A. may also be pursued in state courts. *Vaca*, 386 U.S. at 176-188. If a claimant would prefer an administrative forum, (s)he is free to pursue a DFR claim before the National Labor Relations Board which long ago held that a union's breach of the DFR constitutes an unfair labor practice under N.L.R.A. Section 8(b), 29 U.S.C. § 158(b). *See Miranda Fuel Co.*, 140 NLRB 181 (1962), *enf. den.*, 326 F.2d 172 (2d Cir. 1963).[6] The Board continues to adhere to this rule. *See, e.g., Teamsters Local 727*, 360 NLRB No. 13 (2013); *Roadway Express, Inc.*, 355 NLRB 197 (2010). Several Courts of Appeals, including the Second Circuit, have held this rule is a reasonable reading of Section 8(b) and enforced Board orders predicated on said rule. *See N.L.R.B. v. Carpenters Local 608*, 811 F.2d 149, 152-53 (2d Cir. 1987); *Local 282*, 740 F.2d at 142-48; *accord: Plumbers & Pipe Fitters No. 32 v. N.L.R.B.*, 50 F.3d 29, 31-32 (D.C. Cir. 1995);

---

[6]   Although the Second Circuit denied enforcement of the Board's ruling in *Miranda Fuel*, it did not take a position there as to whether a union's breach of the DFR constitutes an unfair labor practice. As shown in the text, that Court subsequently has enforced Board rulings to the effect that a union's breach of its DFR constitutes an unfair labor practice.

*N.L.R.B. v. Gen. Truckdrivers, Warehousemen & Helpers*, 778 F.2d 207, 212-13 (5th Cir. 1985); *see also id.* at 213 (citing similar appellate rulings).[7]

Unit members injured by a union's breach of the DFR may obtain monetary compensation in an N.L.R.B. proceeding to redress such a breach.  *See, e.g., Local 282*, 740 F.2d at 144, 148.  Thus, a bargaining unit member subjected to a discriminatory practice prohibited by the HRL by his union acting as collective bargaining representative may, by relying on the DFR, vindicate before a federal or state court on a damage claim or before the NLRB on an unfair labor practice charge the very same interest in combatting discrimination by a union as collective bargaining representative as (s)he might vindicate before the SDHR under the HRL, obtaining the same redress based upon the same facts.

The federal DFR does not merely provide an alternative means of vindicating a unit member's interest in combatting discrimination by his/her bargaining representative.  It serves to displace and supersede claims under the HRL against a union as collective bargaining representative.  As the First Circuit observed, in a unanimous opinion joined by then-Circuit Judge Stephen Breyer, there are areas of law where

> "the policy of the law is so dominated by the sweep of federal statutes that legal relations which they affect must be deemed governed by federal law having its source in those statutes, rather than by local law."  *A union's rights and duties as the exclusive bargaining agent in carrying out its representational functions is*

---

[7]     The procedure followed by the N.L.R.B. in processing unfair labor practice charges received from charging parties closely parallels that followed by the SDHR in processing allegations of violations of the NYHRL received from complainants.  After receipt of an unfair labor practice charge, the N.L.R.B. will conduct an investigation thereof.  *Compare* NLRB Rules & Regulations ("Rules & Regs") Sec. 101.2 with N.Y. Exec. Law § 297(2)(a).  If the Board concludes the charge likely has merit, it will issue a complaint and set a hearing date.  *Compare* N.L.R.A. Sec. 10(b), 29 U.S.C. § 160(b), and Rules & Regs Sec. 101.8 with Exec. Law § 297(2)(a) and (4)(a).  At the hearing before an Administrative Law Judge, testimony and/or documentary evidence in support of the complaint is elicited by an N.L.R.B. attorney; the respondent's attorney may cross-examine witnesses and elicit testimony and/or documentary evidence in support of the respondent.  *Compare* 29 U.S.C. § 160(b) and Rules & Regs Sec. 101.10 with Exec. Law § 297(4)(a).  A decision by the Board after hearing is subject to judicial review by an appellate court.  *Compare* N.L.R.A. Sec. 10(f), 29 U.S.C. § 160(f), and Rules & Regs Sec. 101.11-101.14 with Exec. Law § 298.

> *precisely such an area*; Congress has "occupied th[e] field and
> closed it to state regulation."

*Condon v. Local 2944, United Steelworkers of America, AFL-CIO*, 683 F.2d 590, 594-595 (1st

Cir. 1982) (emphasis added, citations omitted).  In short, federal law completely governs the

duties owed to bargaining unit members by an exclusive collective bargaining representative in

its role as such representative.  Thus, pursuant to Article VI, Clause 2 of the U.S. Constitution

(the Supremacy Clause), N.L.R.A. Section 9(a) preempts state claims by unit members against

their union predicated on conduct by that union as their collective bargaining representative

when that union is subject to the N.L.R.A.

      As noted in Pl.'s Memo. Of Law In Support Of Mot. For Pre. Inj. (Doc. 10) at 10,

federal courts have repeatedly held that a claim by an employee against his/her union asserting

that the union's conduct as his/her collective bargaining representative violates the HRL is pre-

empted by the federal DFR, *citing Goodman v. Port. Auth. Of  N.Y. & N.J.*, No. 10 Civ. 8352,

2011 WL 3423800, * 8-9 (S.D.N.Y. Aug. 4, 2011); *Cabrera v. New York City*, 436 F. Supp. 2d

635, 646 (S.D.N.Y. 2006); *Angrisani v. L.I.R.R.*, No. CV-01-8453 SJFMDG, 2005 WL 1311798,

* 6-7 (E.D.N.Y. June 1, 2005); *Zuckerman v. Vol. Services of America*, 304 F. Supp. 2d  365,

372-73 (E.D.N.Y. 2004); *Marrero v. City of New York*, No. 02 Civ. 6634 (DLC), 2003 WL

1621921, * 3 (S.D.N.Y. Mar. 28, 2003); *Agosto v. Correctional Officers' Benevolent Ass'n*, 107

F. Supp. 2d 294, 310 (S.D.N.Y. 2000); *Snay v. U.S. Postal Service*, 31 F. Supp. 2d 92, 99-100

(N.D.N.Y. 1998); and *Hess v. B&B Plastics Div. of Metal Cladding, Inc.*, 862 F. Supp. 31, 32

(W.D.N.Y. 1994); *cf.*, *Rodolico v. Unisys Corp.*, 96 F. Supp. 2d 184, 187-189 (E.D.N.Y. 2000)

(third party contribution claim against union by employer alleged to have violated HRL

preempted by DFR).  Further research has disclosed additional decisions to the same effect.  *See*

*Holcombe v. U.S. Airways Group, Inc.*, 976 F. Supp. 2d 326, 337-338 (E.D.N.Y. 2013); *Cole v.*

*Central Park Systems, Inc.*, No. 09-CV-3185 (RRM) (CLP), 2010 WL 3747591, at * 8 (E.D.N.Y. Sept. 20, 2010); *Fenn v. Verizon Communications, Inc.*, No. 08 Civ. 2348 (PGG), 2010 WL 908916, at * 6 (S.D.N.Y. Mar. 15, 2010); *Carroll v. Local 317, IBT, AFL-CIO*, No. 99-CV-1362, 1999 WL 1138596, at * 4 and n. 2 (N.D.N.Y. Dec. 6, 1999).

    Federal courts have also repeatedly held that employee claims that a union's conduct as a collective bargaining representative violates a state employment discrimination law comparable to the HRL are likewise pre-empted by the DFR.  *See Welch v. General Motors Corp., Buick Motor Div.*, 922 F.2d 287, 293-94 (6th Cir. 1990); *Maynard v. Revere Copper Products, Inc.*, 773 F.2d 733, 735-36 (6th Cir. 1985); *Wright v. No. American Terrazo*, No. C12-2065JLR, 2013 WL 441517, * 6 (W.D. Wash. Feb. 5, 2013); *Pitts v. Plumbers & Steamfitters Local Union No. 33*, 718 F. Supp. 2d 1010, 1018-19 (S.D. Ia. 2010); *Bergeron v. Henderson*, 52 F. Supp. 2d 149, 154-55 (D. Me. 1999); *Wilhelm v. Sunrise Northeast, Inc.*, 923 F. Supp. 330, 337 (D. Conn. 1995).  Indeed, the federal DFR displaces *any* state law claim against a union premised upon alleged conduct by that union as a collective bargaining representative.  *See*, *e.g.*, *Adkins v. Mireles*, 526 F.3d 531, 536, 540-42 (9th Cir. 2008) (state law claims for breach of contract, breach of implied covenant of good faith and fair dealing, negligent misrepresentation and intentional infliction of emotional distress); *Richardson v. United Steelworkers of America*, 864 F.2d 1162, 1165-67 (5th Cir. 1989) (putative state law duty to warn strikers of employer right to replace them); *Condon*, *supra* (New Hampshire common law and contract claims); *Sheehan v. U.S. Postal Service*, 6 F. Supp. 2d 141, 150-51 (N.D.N.Y. 1997) (state law claim of intentional misrepresentation); *Oliva v. Wine, Liquor and Distillery Workers Union, Local One*, 651 F. Supp. 369, 371 (S.D.N.Y. 1987) (state law claims for fraud and failure to adequately represent arising from union's failure to submit grievance to arbitration).

It is clear that the SDHR's continuing practice of investigating and otherwise pursuing complaints against Local 32BJ based upon alleged conduct by the Local as collective bargaining representative of the complainant is inconsistent with the DFR arising from the N.L.R.A. which federal duty preempts such attempts at enforcement of the HRL.

II.     **THE ATTEMPTS BY THE SDHR TO ENFORCE THE HRL AGAINST LOCAL 32BJ NOTWITHSTANDING THAT SUCH ATTEMPTS ARE PREEMPTED BY THE FEDERAL DUTY OF FAIR REPRESENTATION HAVE CAUSED AND, IF NOT ENJOINED, WILL CONTINUE TO CAUSE NEEDLESS EXPENDITURES OF LIMITED UNION RESOURCES.**

As the parties agree and the declarations of Local 32BJ attorneys who have handled SDHR complaints confirm, attempts by the SDHR to enforce the HRL against Local 32BJ when those complaints are predicated upon alleged conduct by the Local as a collective bargaining representative have resulted in significant expenditures of time by Local attorneys and staffpersons.  *See* Am. Stip. ¶ 45a-h; *see also* Declarations of Elizabeth Baker, Katy Dunn, Brent Garren, Katchen Locke, Sarah Nash, Judith Padow, Lyle Rowen and Andrew Strom. (Docs. 36-1 through 36-8).  This is so not only in cases where, ultimately, the SDHR has made a determination of 'probable cause,' *see* Dunn Decl., paras. 4-12; Padow Decl., paras. 3-10, but also in cases where the SDHR has made a determination of 'no probable cause.'  *See* Baker Decl., paras. 3-11; Nash Decl., para. 4; Rowen Decl., para. 4; and Am. Stip. ¶ 35 (chart).

Plaintiff notes in this regard that although Exec. Law § 297(2)(a) provides that after the filing of any complaint, the SDHR "shall" determine within 180 days whether it has jurisdiction and whether there is probable to believe a respondent has violated or is violating the HRL, the SDHR has frequently not made a probable cause determination until long after this deadline.  In No. 10134702, it took 17 months for the SDHR to determine there was no probable cause.  In No. 10141532, the SDHR took 17 months to decide there was probable cause.  In No.

10143952, it took 2 years to determine there was no probable cause.  In No. 10159784, the SDHR took 11 months to find no probable cause.  *See* Am. Stip. ¶ 35 (chart).  A consequence of such delays is that they may produce additional expenditures of union resources.  *See*, *e.g.*, Baker Decl., paras. 4-7.

   The injury to Local 32BJ caused by the SDHR's continuing attempts to enforce the HRL against the Local, to wit, the needless expenditure of union attorney and staff resources, has been exacerbated by the arbitrary conduct of the SDHR in making those attempts.  For example, in No. 10157235, on March 4, 2013, sixth months after a complaint had been filed solely against the complainant's employer, the SDHR amended that complaint to add Local 32BJ as a respondent.  (Am. Stip. ¶ 40; P. Ex. 35).  On the same day, it sent the Local notice of this amendment by first class mail.  (P. Ex. 49).  However, on the very next day, it made a determination of probable cause (Am. Stip. ¶ 41; P. Ex. 36), thereby denying Local 32BJ any opportunity to be heard by the SDHR before it made that determination.  *Moreover, the SDHR failed to serve the probable cause determination on Local 32BJ.*  (P. Ex. 50).  Thus unaware of that determination, the Local's attorney effectively wasted several hours of the Local's time subsequently investigating the allegations of the amended complaint and researching and drafting  a 4 ½ page, single-spaced position statement complete with 16 exhibits, arguing that the SDHR should find 'no probable cause.'  (Padow Decl., para. 5 and n. 3).

   The injury to Local 32BJ arising from No. 10157235 was compounded by the SDHR's insistence that it had made a finding of probable cause against the Local, despite the clear evidence to the contrary.  The initial complaint neither named Local 32BJ as a respondent nor included any allegations against it.  (P. Ex. 34).  The sole respondent was the complainant's employer.  (*Id*).  When the complaint was later amended (P. Ex. 35), the Local was added to the

caption as a respondent, but no new allegations were added nor were the original allegations modified. The probable cause determination issued the next day (P. Ex. 36) appeared under a caption which included only a single respondent, the complainant's employer. The text of the determination referred in the singular to "the above-named Respondent," *i.e.*, the employer, and stated that the SDHR "has determined that it has jurisdiction in this matter and that PROBABLE CAUSE exists to believe that *the Respondent* has engaged in or is engaging in the unlawful discriminatory practice *complained of*." (Emphasis added). The only discriminatory practice "complained of" in either the original complaint or the amended complaint was the employer's conduct. There was no allegation in either pleading that pertained to the Local. Furthermore, the determination's reference to "the Respondent" in the singular where the only respondent in the caption was the employer could not possibly have been a reference to the Local. Notwithstanding the foregoing, the SDHR thereafter proceeded as if the determination of probable cause had been made against the Local. As a consequence, it was necessary for the Local to continue to expend attorney resources on defending itself against a non-existent determination. *See*, *e.g.*, Padow Decl., para. 7.

In No. 10169699, the SDHR failed to serve Local 32BJ with a complete copy of the complaint. The Local's telephonic and written communications informing the SDHR that several pages were missing were ignored. The Local was thus forced to prepare and file its Answer without having seen the full complaint. *Compare* Exec. Law § 297(2)(a) ("After the filing of any complaint, the division shall promptly serve a copy thereof upon the respondent…"). Months later, when the SDHR eventually provided some, but not all, of the missing complaint pages, the agency complained that the Local's Answer was not adequate and threatened to draw an adverse inference if the alleged inadequacy was not cured. With the

14

assistance of the newly-provided pages, the Local's attorney conducted a further investigation, amended the Answer and prepared and tendered a five page, single-spaced later. *See* Baker Decl., para. 11.  In sum, the SDHR's failure to comply with § 297(2)(a) caused the Local to expend even more resources on No. 10169699 than it otherwise would have.

As noted above, Local 32BJ represents more than 145,000 workers for purposes of collective bargaining.  (Am. Stip. ¶ 7).  Disputes involving employers' treatment of those represented workers are every-day occurrences.  And demands for arbitration to resolve such disputes as well as "awards" (decisions) by arbitrators following arbitration proceedings are commonplace.  In calendar years 2009-2013, the number of grievances filed with employers in the State of New York alone[8] which resulted in demands by Local 32BJ for arbitration of a dispute and the number of those demands which pertained to disputes concerning employee discipline were as follows:

| Year | Arbitration Demands Involving Employees in New York | Arbitration Demands Involving Discipline of Employees in New York |
|------|-----------------------------------------------------|-------------------------------------------------------------------|
| 2009: | 1,299 | 655 |
| 2010: | 1,799 | 978 |
| 2011: | 1,860 | 1,031 |
| 2012: | 1,968 | 1,042 |
| 2013: | 1,986 | 987 |

(Am. Stip. ¶ 15; Declaration of Eyad Asad, para. 8).

In those same calendar years, the number of arbitration awards resolving disputes involving employees in New York and the number of such awards resolving disputes over discipline of such employees were as follows:

---

[8]      Of the more than 145,000 workers represented by Local 32BJ, approximately 81,000 work in the State of New York.  (Am. Stip. ¶ 7).

|       | Arbitration Awards Involving Employees in New York | Arbitration Awards Involving Discipline of Employees in New York |
|-------|-----------------|-----------------|
| Year  |                 |                 |
| 2009: | 419             | 276             |
| 2010: | 644             | 446             |
| 2011: | 893             | 677             |
| 2012: | 1,099           | 837             |
| 2013: | 1,340           | 1,012           |

(Am. Stip. ¶ 16; Asad Decl., para. 9).[9]  (Where an arbitration demand is made but no award is subsequently rendered, this is usually because the dispute is resolved by a settlement reached at the outset, or in the course, of an arbitration hearing.  Occasionally no award is rendered after an arbitration has been demanded because the union withdraws its demand prior to commencement of the arbitration hearing.)

Since mid-2009, Local 32BJ has only had essentially 12 or 13 attorneys to handle arbitrations, SDHR proceedings and all of the union's other legal work.  (Baker Decl., para. 12). When this circumstance is juxtaposed against the figures in the charts above, it is apparent that the resources available to the Local to handle such work were/are extremely limited.  Every hour devoted to defense of administrative proceedings the SDHR lacked/lacks/will lack jurisdiction to pursue deprived/deprives/will deprive Local 32BJ of use of attorney or staff resources it needed/needs/will need on other important matters.

---

[9]     Multiplying the figures in the charts in the text by 145/81 will yield approximations for the calendar years 2009-2013 of the numbers of arbitration demands, arbitration demands involving discipline, arbitration awards and arbitration awards involving discipline disputes for Local  32BJ as a whole.

III.   **THE REMEDY FOR THE SDHR'S CONTINUING UNLAWFUL ATTEMPTS TO ENFORCE THE HRL AGAINST LOCAL 32BJ SHOULD INCLUDE PERMANENT INJUNCTIVE RELIEF AND AN ORDER REQUIRING THE SDHR'S ADHERENCE TO A COURT-APPROVED PROTOCOL FOR HANDLING COMPLAINTS AGAINST LOCAL 32BJ.**

Under Supreme Court case law, the Eleventh Amendment to the U.S. Constitution would bar an award of damages to Plaintiff payable by Defendant to redress Plaintiff's expenditures of attorney and staff resources to defend complaints filed with the SDHR.  *See*, *e.g.*, *Va. Office For Protection And Advocacy v. Stewart*, 131 S. Ct. 1632, 1637-1638 (2011); *Edelman v. Jordan*, 415 U.S. 651 (1974); *Hans v. Louisiana*, 134 U.S. 1 (1890).[10]  Thus, if the Court holds that the SDHR's attempts to enforce the HRL against Local 32BJ based upon alleged conduct as a collective bargaining representative are preempted by the federal DFR, it will be equitable relief which must be awarded if Plaintiff is to obtain meaningful redress.

The record shows that over a period of many years, Local 32BJ has repeatedly brought to the SDHR's attention that enforcement of the HRL against the Local based on alleged conduct as a collective bargaining representative is preempted by federal labor law.  *See* Am. Stip. ¶¶ 36, 42; P. Exs. 31-33, 40, 47-48, 59, 62, 65; D. Ex. F.  Often the Local provided the SDHR with extensive case citations.  *See id*.  Notwithstanding such notice, the SDHR has consistently ignored this bar to its jurisdiction and sought to enforce the HRL.  (Am. Stip. ¶¶ 36, 42).  Even while now conceding that every one of the many complaints filed against Local 32BJ since mid-2009 was based on alleged conduct as a collective bargaining representative and despite a mountain of case law rejecting its position, the SDHR continues to insist that there is no

---

[10]     Parenthetically, there is no fee-shifting statute under New York law by which Local 32BJ could recover attorney's fees and expenses for prevailing in one or more of the SDHR proceedings under the HRL.  *E.g.*, *N.Y.C. Bd. of Educ. v. Sears*, 83 A.D.2d 959, 443 N.Y.S.2d 23, 25 (2d Dept. 1981).

federal preemption of its attempts to enforce the HRL against the Local.[11]  In these circumstances, a permanent injunction to the effect that the SDHR is prohibited from attempting to enforce the HRL against Local 32BJ based on alleged conduct as a collective bargaining representative is warranted.

At the same time, we think it is in the interests of the Local, the SDHR and the Court for the Court to also order SDHR compliance with a protocol for handling complaints against Local 32BJ.  Such a protocol is in the Local's interest because it will minimize any need for Plaintiff to engage in recurrent enforcement proceedings.  It is in Defendant's interest because it will minimize the possibility of its facing contempt proceedings and applications for sanctions.  And it is in the interest of the Court which, we venture to say, would likely prefer to avoid recurrent appearances on its doorstep by the parties debating whether or not its injunction has been violated.

Accordingly, Local 32BJ urges the Court to incorporate a protocol into its remedial order and proposes the following elements:

1.   (a) Upon the SDHR's receipt of an administrative complaint in which Local 32BJ (or an officer or official thereof identified as such) is named as a respondent and the assignment to that complaint of a docket number or (b) upon an amendment thereto naming the Local (or an officer or official thereof) as a respondent, the SDHR employee responsible for the assignment of a docket number or for the amendment, as the case may be, shall forward forthwith to an SDHR attorney designated by the SDHR (hereinafter "designated SDHR attorney"), by e-mail and first class mail, a copy of the complaint and any and all attachments or documents submitted therewith;

---

[11]     We also note that at the January 9, 2015 status conference, when the Court inquired whether the SDHR would be willing to discuss a procedure for its handling of complaints against Local 32BJ, Defendant, by counsel, emphatically rejected such an idea.

2.   Contemporaneously, said SDHR employee shall also forward by e-mail and first class mail a copy thereof, including any documents attached thereto or submitted therewith, to a Local 32BJ attorney designated by the Local (hereinafter "designated Local attorney"). However, the SDHR shall not require any response, or other action by, Local 32BJ;

3.   Upon receipt thereof, the designated SDHR attorney shall review forthwith the complaint and any and all documents attached thereto or submitted therewith for the sole purpose of determining whether the allegation(s) of the complaint against Local 32BJ, if any, is/are based upon alleged conduct by Local 32BJ as a collective bargaining representative;

4.   If the designated SDHR attorney determines that one or more charges against the Local is/are based on alleged conduct as a collective bargaining representative, (s)he shall forthwith advise the Commissioner and the relevant Regional Director of said determination and the SDHR shall thereupon make, and serve upon the designated Local attorney, by e-mail and first class mail, an order dismissing said charge(s) for lack of jurisdiction;

5.   If the SDHR attorney believes in good faith that (s)he is unable to determine whether one or more charges against the Local is/are based upon alleged conduct as a collective bargaining representative, the SDHR shall promptly serve upon the complainant by first class mail and, if available, by e-mail, a neutral letter asking the complainant to indicate on that letter, by checking the appropriate box and countersigning the letter, whether (s)he was ever an employee of the Local or ever sought to be such an employee and, if so, when.  The first class mail to the complainant shall include a stamped, self-addressed return envelope addressed to the designated SDHR attorney and the complainant shall be advised to return the letter, once filled out and signed by him/her, to the designated SDHR attorney in the enclosed envelope.

19

Simultaneously, the SDHR shall serve upon the designated Local attorney by the same method(s) a copy of said letter;

6.  Unless the employee indicates in writing within a reasonable period of time that (s)he was an employee of the Local or sought to be an employee thereof in the period of the Local conduct alleged, the charge(s) for which the designated SDHR attorney sought information from the complainant shall be dismissed by the SDHR and a copy of the order of dismissal shall be forwarded to the designated Local attorney on the day of its making by e-mail and first class mail;

7.  If the complainant sent such a letter indicates in a signed writing that (s)he was employed or sought to be employed by the Local within the relevant period of time and the designated SDHR attorney concludes in good faith that the conduct in which the Local allegedly engaged was not as a collective bargaining representative, said attorney shall thereupon notify the designated Local attorney by e-mail and first class mail of said conclusion;

8.  The designated SDHR attorney and the designated Local attorney (or their respective designees) shall thereupon confer in good faith in person or by telephone to resolve any dispute concerning the nature of the alleged conduct;

9.  If after the foregoing attorneys (or their respective designees) confer, they agree that the alleged Local conduct in question was conduct as a collective bargaining representative, the designated SDHR attorney shall thereupon notify the Commissioner and relevant Regional Director of such agreement, and the SDHR shall thereupon make an order dismissing the applicable charge(s) for lack of jurisdiction and, on the same day, serve the designated Local attorney by e-mail and first class mail with a copy of said order; and

10.   If, after conferring, the foregoing attorneys (or their designees) do not reach agreement on said issue, either party may bring the dispute to the attention of this Court by appropriate written application and the Court [either the District Judge or a Magistrate Judge, as this Court may prefer], after hearing from both parties, shall determine whether the alleged Local conduct in question was or was not as a collective bargaining representative.  If it is thereby determined that the alleged Local conduct in question was as a collective bargaining representative, the SDHR shall thereupon make an order dismissing the charge(s) in question for lack of jurisdiction and, on the same day, serve a copy thereof upon the designated Local attorney by e-mail and first class mail.  If it is thereby determined that the alleged Local conduct in question was not as a collective bargaining representative, the SDHR may thereupon go forward with its enforcement of the HRL against Local 32BJ, but such determination shall not operate as a bar to the Local's subsequent challenge in an appropriate forum to the SDHR's jurisdiction to enforce the HRL with respect to the Local's alleged conduct in question.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment should be granted and an Order made (i) enjoining the SDHR's attempted enforcement of the HRL against Local 32BJ based upon alleged conduct as a collective bargaining representative and (ii) requiring the SDHR's compliance with a protocol as described above.

Dated:   April _6_, 2016

> Respectfully submitted,
>
> *James Reif*
>
> James Reif (JR2974)
> GLADSTEIN, REIF & MEGINNISS, LLP
> 817 Broadway, 6th Floor
> New York, New York  10003
> (212) 228-7727
> jreif@grmny.com
>
> Attorney for Plaintiff

22

## CERTIFICATE OF SERVICE

I hereby certify that I am more than eighteen (18) years of age and not a party to this action and that this document filed through the ECF system on April 6, 2016 will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

_/s/  Tom Curtin_____
Tom Curtin